UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Madie Green,

      Plaintiff,  : Civil Action No.: _____

v.

NCO Financial Systems, Inc.,

      Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Madie Green, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Madie Green (hereafter "Plaintiff"), is an adult individual residing at 6505 Foster Street, District Heights, Maryland 20747, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant NCO Financial Systems, Inc. (hereafter "Defendant"), is a foreign corporation with a principal place of business at 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant used abusive language, was rude and disrespectful and harassed the Plaintiff during telephone conversations, in violation of 15 U.S.C. § 1692d(2).

10. The Defendant caused a telephone to ring repeatedly and engaged the Plaintiff in conversations on more than one occasion per day, in violation of 15 U.S.C. § 1692d(5).

11. The Defendant's individual debt collectors failed to identify themselves, in violation of 15 U.S.C. § 1692d(6).

12. The Defendant contacted the Plaintiff at work when it had reason to know the Plaintiff's employer prohibited such communication, in violation of 15 U.S.C. § 1692c(a)(3).

13. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and place of employment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendant intended to harass the Plaintiff by repeatedly causing a telephone to ring and engaging the Plaintiff in conversation, in violation of 15 U.S.C. § 1692d(5).

16. The Defendant's individual debt collectors did not disclose their identity, in violation of 15 U.S.C. § 1692d(6).

17. The Defendant used abusive language, in violation of 15 U.S.C. § 1692d(2).

18. The Defendant contacted the Plaintiff at work, when it had reason to know such communication was prohibited, in violation of 15 U.S.C. § 1692c(a)(3).

19. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

20. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, *et seq.*

21.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.   The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

23.   The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

24.   The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

25.   The Defendant contacted the Plaintiff's employer with regard to the debt, in violation of MD. Code Comm. Law § 14-202(4).

26.   The Defendant used grossly abusive language when speaking with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

27.   The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

28.   The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

32. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to her home place of work.

33. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

34. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

36. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
6. Punitive damage; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 21, 2009

Respectfully submitted,

By /s/ Andrea Colender

Andrea Colender MD Bar No. 10217
1648 Trawler Lane
Annapolis, MD  21409
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Email: acolender@lemberglaw.com

MD Bar No. 10217

<u>Of Counsel To</u>
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666